| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: DISTRICT OF DELAWARE | |
| Case number (if known) _____   Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Imperium3 New York, Inc.** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **82-3444574** |
| **4.** | **Debtor's address** | **Principal place of business** **1093 Clark Street** **Endicott, NY 13760** Number, Street, City, State & ZIP Code  **Broome** County  —  **Mailing address, if different from principal place of business** P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **www.im3ny.com** |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ |

Debtor  **Imperium3 New York, Inc.**  Case number (*if known*) _____
      *Name*

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ■ None of the above |
| | | |
| | | B. *Check all that apply* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. §501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes. |
| | |    **3336** |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ■ Chapter 11. *Check **all** that apply*: |
| | |     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that). |
| | |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | |     ☐ A plan is being filed with this petition. |
| | |     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | |     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | |     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ■ No. <br> ☐ Yes. <br><br> District _____ When _____ Case number _____ <br> District _____ When _____ Case number _____ |

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No <br> ■ Yes. |

Debtor  **Imperium3 New York, Inc.**   Case number (*if known*) _____
      Name

List all cases. If more than 1, attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | **iM3NY LLC** | | Relationship | **Affiliate** |
| District | **Delaware** | When _____ | Case number, if known | _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
    Contact name _____
    Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**  *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Imperium3 New York, Inc.**                                      Case number (*if known*)
        Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 27, 2025**
            MM / DD / YYYY

X  */s/ Lukasz P. Cianciara*                                  **Lukasz P. CianCiara**
Signature of authorized representative of debtor               Printed name

Title  **Chief Executive Officer**

**18. Signature of attorney**

X  */s/ William E. Chipman, Jr.*                              Date  **January 27, 2025**
Signature of attorney for debtor                                     MM / DD / YYYY

**William E. Chipman, Jr.**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 295-0191**    Email address  **chipman@chipmanbrown.com**

**3818 DE**
Bar number and State

**OMNIBUS WRITTEN CONSENT**
**OF**
**THE BOARD OF MANAGERS OF IM3NY LLC**
**AND**
**THE BOARD OF DIRECTORS**
**OF**
**IMPERIUM 3 NEW YORK INC.**

**January 24, 2025**

The undersigned, being (i) all of the members of the board of managers (the "**Managers**") of iM3NY LLC, a Delaware limited liability company ("**IM3NY**"), and (ii) all of the members of the board of directors (the "**Board**") of Imperium3 New York, Inc., a New York corporation ("**Imperium3**" and together with IM3NY, the "**Companies**", and each such entity, a "**Company**"), in each case, acting pursuant to the Delaware Limited Liability Company Act, and the New York Business Corporation Law, as applicable, do hereby consent to and adopt the following resolutions by this written consent (this "**Consent**") as though such resolutions had been adopted at a duly convened meeting and direct that this Consent be filed in the records of each of the Companies, as applicable:

**WHEREAS**, the Managers, or Board, of each of the Companies (in each case, the "**Governing Body**") has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company;

**WHEREAS**, each Governing Body desires to approve the following resolutions;

**I.    CHAPTER 11 FILING**

**WHEREAS**, the Governing Body of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it and the effect of the foregoing on such Company's business, creditors, stakeholders and other parties in interest;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with such Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to such Company;

**WHEREAS**, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is advisable and in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following resolutions;

**WHEREAS**, the Governing Body of each Company has been presented with a proposed voluntary petition (the "**Chapter 11 Petition**") to be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of the "first day" pleadings, applications, affidavits and other documents, in each case, in form and substance substantially similar to the form provided to the Governing Bodies as of the date hereof (collectively, the "**Chapter 11 Filings**") to be filed by such Company before the Bankruptcy Court in connection with the commencement of such Company's Chapter 11 case (the "**Bankruptcy Case**"); and

**WHEREAS**, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby; and be it further

**RESOLVED**, that any officer of each Company, or its managers, as applicable (each an "**Authorized Person**"), in each case, be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute and verify the Chapter 11 Petition and the Chapter 11 Filings in the name of such Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of such Company shall determine.

## II. DIP FINANCING

**WHEREAS**, the Governing Body of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties to request that one or more potential financing sources provide such Company with post-petition debtor-in-possession financing, including, but not limited to, a multi-draw priming debtor-in-possession term loan credit facility in the amount of $2.5 Million Dollars (collectively "**DIP Financing**"), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Financing (the "**DIP Financing Orders**");

**WHEREAS**, the Governing Body of each Company has been presented with and has reviewed the terms and provisions of a definitive senior secured super-priority debtor-in-possession credit term sheet (the "**DIP Term Sheet**") by and among such Company, as debtors-in-possession, and HSBC Bank PLC (the "**DIP Lender**") pursuant to which the DIP Lender has agreed to provide the Company with DIP Financing, which provides for the borrowing and reborrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral;

**WHEREAS**, in connection with the DIP Term Sheet, the DIP Lender requires that each Company grant security interests in substantially all of its assets that now or hereafter come into the possession, custody or control of the Company, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP Term Sheet, subject to exceptions and limitations to be set forth in DIP Financing Orders and related documents contemplated thereunder (collectively, the "**DIP Documents**"); and

**WHEREAS**, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties, for such Company to (i) consummate the transactions contemplated by the DIP Term Sheet provided to the Governing Body of such Company, and (ii) empower, authorize and direct the Authorized Persons of such Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP Term Sheet are hereby, in all respects, authorized, ratified, approved and adopted by the Governing Body of each Company on behalf of such Company; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to incur and to undertake any and all related transactions contemplated under the DIP Term Sheet and the DIP Documents; and it be further

**RESOLVED**, that each such Company be, and hereby is, authorized to borrow and reborrow loans, guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute and deliver the DIP Term Sheet and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Authorized Persons may deem necessary, desirable or appropriate, in order to consummate the transactions contemplated by the DIP Term Sheet; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Term Sheet, the DIP Documents

and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

III.      **RETENTION OF PROFESSIONALS**

    **RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the law firm of Chipman Brown Cicero & Cole, LLP ("**CBCC**"), as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of such Company, and each of them, may or shall approve and/or have previously approved; and be it further

    **RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain (i) Novo Advisors ("**Novo**") to serve as financial advisor to such Company, (ii) Hilco Corporate Finance ("**Hilco**") to serve as investment banker to such Company, and (iii) Stretto, Inc. ("**Stretto**") to provide consulting services to such Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

    **RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of such Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in such Company's Bankruptcy Case on such terms as are deemed necessary, appropriate or advisable; and be it further

    **RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain CBCC, Novo, Hilco and Stretto, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "**Professionals**"), and to cause such Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

    **RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to pay, or cause to be paid, all fees and expenses incurred by such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate or advisable, such payment to be conclusive evidence of their determination; and be it further

IV. **GENERAL**

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions and other writings as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of such Company under Chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of such Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed and approved in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability, of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person; and be it further

**RESOLVED**, that the Governing Body of such Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, guarantees, reaffirmations, additional security documents, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary, appropriate or advisable in connection with the Bankruptcy Case, and the DIP Financing, with a view to the successful prosecution of the Bankruptcy Case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of such Company's business; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

**RESOLVED**, that this written Consent may be executed in counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument, and that a copy of the Consent shall be filed with the books and records of the Companies.

**[Signature Page Follows]**

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of iM3NY LLC, have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF MANAGERS:

By: _____*/s/ Shailesh Upreti*_____
Name: Shailesh Upreti
Title: Manager

By: _____*/s/ Mike Driscoll*_____
Name: Mike Driscoll
Title: Manager

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of Imperium3 New York, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: *[signature: Shailesh Upreti]*
Name: Shailesh Upreti

By: _____
Name: Wayne Morrison

By: _____
Name: Brian Ford

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of Imperium3 New York, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: _____
Name: Shailesh Upreti

By: _____*/s/ Wayne Morrison*_____
Name: Wayne Morrison

By: _____
Name: Brian Ford

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of Imperium3 New York, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: _____
Name: Shailesh Upreti

By: _____
Name: Wayne Morrison

By: _*[signature]*_____
Name: Brian Ford

11/24/2025

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iM3NY LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-xxxxx (xxx)<br><br>(*Joint Administration Pending*) |

**DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the above-captioned debtor and its debtor affiliate, as debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), to the best of their knowledge, information, and belief, state as follows:

1. Debtor Imperium3 New York, Inc. ("**Imperium3**") is 95.5% owned by debtor iM3NY LLC ("**iM3NY**").

2. A list of each Debtor's' equity interest holders and the nature of their equity interests are listed in the following table:

| DEBTOR | NAME AND ADDRESS OF INTEREST HOLDER | KIND/CLASS OF INTEREST | PERCENTAGE OF INTERESTS HELD |
|---|---|---|---|
| iM3NY | Charge CCCV LLC<br>2226 COE<br>45 Murray Hill Road<br>Vestal, New York 13850 | Common Units: 310,000<br>Class A Preferred Units: 3,239,379 | Common: 31%<br>Series A Pref.: 38.518%<br>Total: 37.719% |
| iM3NY | Magnis Energy Technologies Ltd.<br>Suite 11.01<br>1 Castlereagh Street<br>Sydney NDW 2000 | Common Units: 620,000<br>Class A Preferred Units: 5,127,660 | Common: 62%<br>Series A Pref.: 60.971%<br>Total: 61.081% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (i) iM3NY LLC (N/A); and (ii) Imperium3 New York, Inc. (4574). The address of the Debtors' corporate headquarters is 1093 Clark Street, Endicott, New York 13760.

| DEBTOR | NAME AND ADDRESS OF INTEREST HOLDER | KIND/CLASS OF INTEREST | PERCENTAGE OF INTERESTS HELD |
|---|---|---|---|
| iM3NY | Primet Precision Materials, Inc.<br>950 Danby Road<br>Ithaca, NY 14850, USA | Common Units: 50,000<br>Class A Preferred Units: none | Common: 5%<br>Series A Pref.: 0.000%<br>Total: 0.531% |
| iM3NY | C&D Assembly, Inc.<br>101 Gerald L Moses Drive<br>Groton, New York 13073 | Common Units: 20,000<br>Class A Preferred Units: 42,918 | Common: 2%<br>Series A Pref.: 0.510%<br>Total: 0.669% |
| Imperium3 | iM3NY LLC<br>1093 Clark Street,<br>Endicott, New York 13760 | Common Shares: 10,190,739 | 95.5% |
| Imperium3 | Riverstone Credit Partners<br>712 Fifth Avenue, 19th Floor<br>New York, New York 10019 | Common Shares: 426,831 | 4% |
| Imperium3 | Prisma Pelican Fund LLC<br>660 Newport Center Drive<br>Newport Beach, Florida 92660 | Common Shares: 26,680 | 0.25% |
| Imperium3 | HSBC Bank plc<br>66 Hudson Boulevard E<br>New York, New York 10001<br>Attn: Thomas J. Curran | Common Shares: 26,680 | 0.25% |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Imperium3 New York, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | ☐ Check if this is an amended filing |

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■  Other document that requires a declaration   **Debtors' Consolidated Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 27, 2025**      X  */s/ Lukasz P. Cianciara*
                                             Signature of individual signing on behalf of debtor

                                             **Lukasz P. CianCiara**
                                             Printed name

                                             **Chief Executive Officer**
                                             Position or relationship to debtor

Fill in this information to identify the case:

Debtor name: Imperium3 New York, Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Ramboll Americas Integrated Solutions, Inc.** <br> 500 First Ave <br> Pittsburgh, PA 15219 | P: 315-956 6100 | Trade Claim | | | | $4,221,029.54 |
| 2 | **mPLUS** <br> 27 Oksansandan-ro <br> Cheongju-si, Chungcheongbuk-do <br> South Korea | Attn: John Kang <br> P: 82-10-2907-6340 <br> support@mplusonline.com | Trade Claim | | | | $3,885,975.80 |
| 3 | **Phoenix Endicott Industrial** <br> 401 E Kilbourn Ave <br> Suite 201 <br> Milwaukee, WI 53202 | Attn: Max Sampson <br> P: 414-283-2600 | Trade Claim | | | | $2,655,764.38 |
| 4 | **Hana Technologies** <br> 56-7 Jeonnamugol-gil 3 <br> Veon-gil Namsa-myeon <br> Cheon-gu Yongin-si, Gyeonggi-do <br> South Korea | P: +82 31 8053 4059 <br> info@hana.family | Trade Claim | | | | $1,990,099.20 |
| 5 | **Latham & Watkins LLP** <br> 555 West Fifth St <br> Suite 300 <br> Los Angeles, CA 90013-1020 | P: 213-891-1200 <br> jeff.bjork@lw.com; <br> ana.obrien@lw.com | Trade Claim | | | | $781,398.00 |
| 6 | **Dongguan Gelon LIB Co., LTD** <br> Building C1, Guangda We Vally <br> Keji No 4 Rd, Songshan Lake <br> Dongguan, Guangdong 523808 <br> China | Attn: Jessy Chen <br> P: 86 13925517693 <br> F: 33 2 40 38 40 00 | Trade Claim | | | | $313,977.00 |
| 7 | **San Felipe Operating LLC** <br> 777 Post Oak Blvd <br> Suite 430 <br> Houston, TX 77056 | Attn: Matthew Laterza <br> P: 713-859-9770 | Trade Claim | | | | $99,145.28 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor  **Imperium3 New York, Inc.**
Name

Case number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | **Armor Battery Films**<br>20, rue Chevreul<br>Nantes, CS 90508<br>France | Attn: Brandon Zembrodt<br>P: 513 609 3163 | Trade Claim | | | | $98,998.50 |
| 9 | **Norton Rose Fulbright**<br>2200 Ross Ave<br>Suite 3600<br>Dallas, TX 75201 | Attn: Tony L Gilbert<br>P: 214-855-7171<br>dan.mckenna@nortonrosefulbright.com | Trade Claim | | | | $80,742.50 |
| 10 | **Bloomberg Finance LP**<br>731 Lexington Ave<br>New York, NY 10022 | P: 212-318-2000 | Trade Claim | | | | $21,529.80 |
| 11 | **Matco Electric Corporation**<br>3913 Gates Rd<br>Vestal, NY 13850 | P: 607-729-4921<br>kelliott@matcoelectric.com;<br>info@matcoelectric.com | Trade Claim | | | | $19,450.00 |
| 12 | **ColumbiaSoft Corporation**<br>15495 SW Sequoia Parkway<br>Suite 190<br>Portland, OR 97224 | Attn: Linda Wilmes-Smith<br>P: 503-608-3260<br>F: 503-274-0508 | Trade Claim | | | | $9,960.00 |
| 13 | **Evan's Mechanical Inc.**<br>314 Maple St<br>Endicott, NY 13760 | Attn: Josh Barnes<br>P: 607-343-5396<br>F: 607-754-9246 | Trade Claim | | | | $8,128.00 |
| 14 | **Apex Logistics International (NY) Inc.**<br>145-68 228th St,<br>Unit 3-4<br>Springfield Gardens, NY 11413 | Attn: Tim Joyce<br>P: 310-735-8203<br>info@apexglobe.com | Trade Claim | | | | $3,689.06 |
| 15 | **Airgas Inc.**<br>PO Box 734445<br>Chicago, IL 60673 | Attn: SMB Team<br>P: 216-642-2800<br>noc.br.462.chicago@airgas.com | Trade Claim | | | | $2,184.56 |
| 16 | **LION Smart GmbH**<br>Parkring 11-13<br>Garching, 85748<br>Germany | Attn: Patrick Schubert<br>P: +49 89 360363200<br>info@lionsmart.com | Trade Claim | | | | $1,962.81 |
| 17 | **Hanover Insurance Group**<br>PO Box 580045<br>Charlotte, NC 28258 | P: 800-922-8427 | Trade Claim | | | | $1,311.00 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2